```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
    UNITED STATES OF AMERICA,                               :
                                                            :
                              Plaintiff,                    :    11 Cr. 975 (LGS)
                                                            :
                -against-                                   :    OPINION AND ORDER
                                                            :
    EVERETTE L. SCOTT, JR.,                                 :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Defendant Everette L. Scott, Jr., filed a motion to cancel and discharge a notice of lien filed in New Jersey Superior Court, securing a criminal restitution judgment imposed by this Court. For the reasons stated below, the motion is denied.

## I.   BACKGROUND

On February 5, 2013, following a jury trial, Defendant was found guilty of one count of securities fraud, in violation of 15 U.S.C. §§ 78ff and 78j(b), and two counts of wire fraud, in violation of 18 U.S.C. § 1943, arising from schemes to steal investor funds. On October 16, 2013, he was sentenced to thirty months' imprisonment for each count, to run concurrently, followed by three years of supervised release. Defendant was also directed to pay a special assessment of $300 and, along with co-Defendant Tyrone L. Gilliams, Jr., jointly and severally to pay $1,005,000.00 in restitution -- specifically, $515,000.00 to NorCal Capital Management and $490,000.00 to David Parlin. As to the funds owed to NorCal Capital Management, "Defendant Scott shall not make any payments until co-Defendant Gilliams has first paid at least $400,00[0].00 towards this amount," and as to the funds owed to Mr. Parlin, "Defendant Scott shall not make any payments until co-Defendant Gilliams has first paid at least $400,000.00

towards this amount." Defendant appealed the Court's judgment, which was affirmed. *United States v. Scott*, 637 F. App'x 10, 16 (2d Cir. 2015) (summary order). On November 17, 2017, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied. *Scott v. United States of America*, No. 17 Civ. 9106, Order of Dismissal, Dkt. No. 4 (S.D.N.Y. Feb. 24, 2020).

Around June 19, 2015, the Clerk of Court for the Gloucester County, New Jersey Superior Court recorded a "Notice of Lien for Fine and/or Restitution Imposed Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996," which was filed by the United States Attorney's Office for the Southern District of New York to secure the criminal restitution judgment imposed by the Court (the "Notice of Lien"). The Notice of Lien is in the amount of $1,005,000.00 and is secured against "all property belonging to [Defendant.]" Co-Defendant Gilliams has not paid at least $400,000 to either NorCal Capital Management or Mr. Parlin.

On August 26, 2020, Defendant filed a "motion to cancel and discharge [a] prematurely filed judgment of record," requesting that the Court direct the United States Attorney for the Southern District of New York to generate and file documents needed to vacate the Notice of Lien, filed in New Jersey Superior Court (the "Motion"). The Motion contends that the Notice of Lien is premature because Co-Defendant Gilliams has not paid the threshold amounts required to trigger Defendant's obligation to pay restitution to either NorCal Capital Management or Mr. Parlin, and that Defendant was denied a fair and meaningful opportunity to oppose the Notice of Lien, in violation of his due process rights. The Motion includes a proposed order indicating that Defendant is moving "pursuant to Federal Rule of Civil Procedure 60."

**II.     DISCUSSION**

The Motion is denied because Defendant has neither identified an order of this Court from which he seeks relief nor a sufficient ground for vacating any order of this Court.

The Motion is styled as a motion pursuant to Rule 60. Rule 60(b) provides ground for relief from a "final judgment, order, or proceeding," if one of six reasons is met:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Ins. Co. of N. Amer. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (internal quotation marks omitted); *accord Vasquez v. Fredericks*, No. 15 Civ. 9528l, 2021 WL 1579489, at *1 (S.D.N.Y. Apr. 22, 2021). Even assuming the Motion is timely,[1] Defendant has not identified any final judgment, order or proceeding *of this Court* to which a Rule 60(b) argument might apply. Further, Defendant has neither provided a "showing of exceptional circumstances," warranting relief from any orders of this Court nor even identified the subsection of Rule 60 upon which he relies. *See Otrompke v.*

---

[1] The ultimate relief Defendant seeks is relief from the Notice of Lien, which was not entered by this Court. The New Jersey Superior Court entered the Notice of Lien almost six years ago. However, because Defendant has not pointed to any final judgment, order or proceeding of this Court from which he seeks relief or identified the specific grounds on which he seeks relief, it is not possible to evaluate the timeliness of the Motion. *See* Fed. R. Civ. P. 60(c) (stating that "[a] motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

3

*First Dep't Comm. On Character & Fitness*, No. 20 Civ. 3839, 2020 WL 6521251, at *2 (S.D.N.Y. Nov. 5, 2020) (denying a Rule 60(b) motion where the movant "failed to allege facts demonstrating that any of the grounds listed," applied).

In his reply brief, Defendant raises a new argument -- that based on the Supreme Court's intervening opinion in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), this Court's judgment holding Defendant jointly and severally liable for restitution is a violation of law. Even if this argument is considered, which is not required, the argument is unavailing. *See United States v. Sampson*, 898 F.3d 287, 314 (2d Cir. 2018) (providing that a court need not consider arguments presented for the first time in a reply memorandum of law, but considering and finding unavailing, such an argument). In *Honeycutt*, the Supreme Court held that a defendant may not be held jointly and severally liable for property a co-defendant derived from the crime and that 21 U.S.C. § 853, governing criminal forfeitures of ill-gotten gains, does not authorize the government "to confiscate substitute property from other defendants or co-conspirators; it authorize[s] the Government to confiscate assets only from the defendant who initially acquired the property and who bears responsibility for its dissipation." *Honeycutt*, 137 S. Ct. at 1634. In other words, *forfeiture* is limited to the property "actually acquired as the result of the crime." *Id*. at 1635. However, "'[c]riminal forfeiture is a form of punishment . . . distinct from restitution . . . intended to return the victim and the perpetrator to the status quo that existed before the violation took place,'" *United States v. Bodouva*, 853 F.3d 76, 79 (2d Cir. 2017) (citing *United States v. Peters*, 732 F.3d 93, 1010 (2d Cir. 2013), and "*Honeycutt* does not . . . have any effect on [a defendant's] *restitution obligation*." *Pierce v. United States*, No. 16 Civ. 7669, 2018 WL 4179055, at *8 (S.D.N.Y. Aug. 31, 2018), *report & recommendation adopted*, 2020 WL 2765091 (S.D.N.Y. May 28, 2020) (emphasis added). Here, Defendant is challenging

a property lien that stems from a criminal restitution judgment -- not a forfeiture -- and the prohibition on joint and several liability for forfeiture articulated in *Honeycutt* does not apply.

Also, this Court lacks subject matter jurisdiction to vacate, or cause to be vacated, the Notice of Lien filed in New Jersey Superior Court. *See Sullivan v. IStoreGreen, LLC*, No. 16 Civ. 1801, 2016 WL 10571895, at * 2 (E.D.N.Y. Oct. 14, 2016) (declining to exercise supplemental jurisdiction where Plaintiff filed complaints in federal court rather than challenging liens in state court). Defendant ultimately seeks relief from the Notice of Lien entered by the New Jersey Superior Court and contends that he was denied a fair and meaningful opportunity to oppose that court's entry of the Notice of Lien. Accordingly, to the extent any relief is appropriate, Defendant should seek that relief from New Jersey state court.

### III. CONCLUSION

For the reasons stated above, the Motion is denied without prejudice to Defendant filing any challenges to the Notice of Lien in New Jersey state court. The Clerk of Court is respectfully directed to close the motions at Docket Nos. 143 and 148.

Dated: May 18, 2021
      New York, New York

                                                         LORNA G. SCHOFIELD
                                                  UNITED STATES DISTRICT JUDGE